**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

ROBERTO CABALLERO-RAMOS,

     Plaintiff,

        v.                               CIV. NO. 10-1180 (PG)

DEPT. CORRECTIONAL AND
REHABILITATION, ET ALS.,

     Defendants.

---

**OPINION AND ORDER**

    Pending before the Court is defendants' motion to dismiss (Docket No. 12). For the reasons set forth below, the Court **GRANTS** the defendants' request.

**I. BACKGROUND**

    On March 2, 2010, plaintiff Roberto Caballero-Ramos ("Caballero" or "Plaintiff") filed the above-captioned pro se claim against Lilliam Álvarez-Ortiz and the Department of Correction and Rehabilition ("the Department") (hereinafter collectively referred to as "Defendants") pursuant to 42 U.S.C. § 1983 ("Section 1983"). Plaintiff is an inmate under custody of the Department, who alleges that Defendants have denied him the right to rehabilitation. According to Plaintiff, he had qualified to participate in a rehabilitation program called "Desvío", but because the Department allegedly failed to pay some money owed to said program, it was discontinued. The Plaintiff now claims that he has been deprived from obtaining a proper rehabilitation and now seeks the aid of this Court. See Docket No. 4.

    Instead of answering the complaint, the Defendants filed the present motion requesting that Plaintiff's suit be dismissed based on the following grounds: (1) that Defendants are immune from suit pursuant to the Eleventh Amendment; (2) that Plaintiff has failed to exhaust administrative remedies; (3) that Plaintiff has failed to allege a violation of a constitutional right. See Docket No. 12. The motion to dismiss stands unopposed.

**II. STANDARD OF REVIEW**

    "The general rules of pleading require a short and plain statement of the claim showing that the pleader is entitled to relief. … This short and plain statement need only give the defendant fair notice of what the … claim is and

the grounds upon which it rests." <u>Gargano v. Liberty Intern. Underwriters, Inc.,</u> 572 F.3d 45, 48 (1st Cir.2009) (internal citations and quotation marks omitted).

Motions to dismiss brought under FED.R.CIV.P. 12(b)(1) and 12(b)(6) are subject to the same standard of review. <u>See</u> <u>Negron-Gaztambide v. Hernandez-Torres</u>, 35 F.3d 25, 27 (1st Cir.1994). When ruling on a motion to dismiss for failure to state a claim, a district court "must accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor, and determine whether the complaint, so read, limns facts sufficient to justify recovery on any cognizable theory." <u>Rivera v. Centro Medico de Turabo, Inc.,</u> 575 F.3d 10, 15 (1st Cir.2009) (<u>citing</u> <u>LaChapelle v. Berkshire Life Ins. Co.,</u> 142 F.3d 507, 508 (1st Cir.1998)). Courts "may augment the facts in the complaint by reference to (i) documents annexed to the complaint or fairly incorporated into it, and (ii) matters susceptible to judicial notice." <u>Gagliardi v. Sullivan</u>, 513 F.3d 301, 306 (1st Cir.2008) (internal citations and quotation marks omitted). "Yet [the court] need not accept as true legal conclusions from the complaint or naked assertions devoid of further factual enhancement." <u>Maldonado v. Fontanes</u>, 568 F.3d 263, 266 (1st Cir.2009) (<u>citing</u> <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1960 (2009)). Although a complaint attacked by a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "does not need detailed factual allegations, … , a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do … ." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted).

Moreover, "even under the liberal pleading standard of Federal Rule of Civil Procedure 8, the Supreme Court has … held that to survive a motion to dismiss, a complaint must allege a plausible entitlement to relief." <u>Rodriguez-Ortiz v. Margo Caribe, Inc.,</u> 490 F.3d 92, 95 (1st Cir.2007) (<u>citing</u> <u>Twombly</u>, 550 U.S. 544 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 129 S.Ct. at 1949 (<u>citing</u> <u>Twombly</u>, 550 U.S. at 556). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, … , on the assumption that all the allegations in the complaint are true (even if doubtful in fact)…." <u>Twombly</u>, 550 U.S. at 555 (internal

citations and quotation marks omitted). "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

## III. DISCUSSION

### A. Eleventh Amendment Immunity

States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. The Eleventh Amendment thus bars the commencement and prosecution in federal court of suits claiming damages brought against any state, including Puerto Rico, without its consent. See Toledo v. Sanchez, 454 F.3d 24, 31 (1st Cir.2006); Fresenius Med. Care Cardiovascular Res., Inc. v. Puerto Rico and Caribbean Cardiovascular Ctr. Corp., 322 F.3d 56, 61 (1st Cir.2003); Futura Dev. v. Estado Libre Asociado, 144 F.3d 7, 12-13 (1st Cir.1998). "[F]or Eleventh Amendment purposes, the Commonwealth [of Puerto Rico] is treated as if it were a state; consequently, the Eleventh Amendment bars any suit brought against it." Gotay-Sánchez v. Pereira, 343 F.Supp.2d 65, 71-72 (D.P.R. 2004) (citing Metcalf & Eddy, Inc. v. P.R. Aqueduct & Sewer Auth., 991 F.2d 935 (1st Cir.1993)). Also, "[a]n administrative arm of the state is treated as the state itself for the purposes of the Eleventh Amendment, and it thus shares the same immunity." Vaqueria Tres Monjitas, 587 F.3d 464, 477 (1st Cir.2009) (citing Hafer v. Melo, 502 U.S. 21, 25 (1991)).

Notwithstanding the foregoing, a state can waive its Eleventh Amendment immunity to suit in three ways: (1) by clear declaration that it intends to submit itself to the jurisdiction of the federal courts; (2) by consent to or participation in a federal program for which waiver of immunity is an express condition; or (3) by affirmative conduct in litigation. New Hampshire v. Ramsey, 366 F.3d 1, 15 (1st Cir.2004) (internal quotations omitted).

It is well settled that "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office," Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (internal citations omitted), and "is no different from a suit against the State itself." Id. Nevertheless, the Eleventh Amendment does not prevent suits against state officers for money damages to be paid out of their own pockets, such as when an officer is sued in his or her individual capacity. See Kentucky v. Graham, 473 U.S. 159 (1985) (discussing distinction

between suits against an officer in an individual as opposed to an official capacity); see also Hafer v. Melo, 502 U.S. 21, 25 (1991) (official capacity suits occur when a plaintiff sues the government entity by naming the officer as a defendant, whereas individual capacity suits "seek to impose individual liability upon a government officer for actions taken under color of state law."). In addition, the Eleventh Amendment does not preclude "official capacity" suits against state officers for injunctive or declaratory relief brought pursuant to federal law. See Ex parte Young, 209 U.S. 123, 159-60 (1908). State officials sued for injunctive relief in their official capacity are "persons" subject to liability under Section 1983. See Hafer, 502 U.S. at 24 (citing Will, 491 U.S. at 71 n. 10.).

As per the above, the Plaintiff cannot maintain claims for monetary damages against the Defendants. However, after careful review of the Plaintiff's petition, this Court finds that his request is more akin to a request for injunctive or declaratory relief. As a result, the Court must **DENY** the Defendants' motion to dismiss on those grounds.

## B. Exhaustion of Administrative Remedies

In their motion to dismiss, the Defendants contend that because Plaintiff failed to exhaust administrative remedies, his claim must be dismissed. See Docket No. 14.

Pursuant to the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[E]xhaustion of available administrative remedies is required for any suit challenging prison conditions, not just for suits under § 1983." Woodford v. Ngo, 548 U.S. 81, 85 (2006) (internal citations omitted). Also, "a prisoner must now exhaust administrative remedies even where the relief sought - monetary damages - cannot be granted by the administrative process." Id.

In his complaint, the Plaintiff admits to not having exhausted all state prisoner's grievance procedures. See Docket No. 4 at page 3. Accordingly, this Court **GRANTS** the Defendants' motion and concludes that, pursuant to the applicable law, Plaintiff's claim shall be dismissed.

## C. Failure to State a Section 1983 Claim

Finally, the Defendants in their motion to dismiss argue that Plaintiff fails to set forth a claim upon which relief can be granted

inasmuch as a prison inmate does not have a federal constitutional right to rehabilitation. See Docket No. 14.

Section 1983 "provides a remedy for deprivations of rights secured by the Constitution and laws of the United States when that deprivation takes place under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 924 (1982) (internal quotation marks omitted). "Section 1983 requires three elements for liability: deprivation of a right, a causal connection between the actor and the deprivation, and state action." Sanchez v. Pereira-Castillo, 590 F.3d at 41. A plaintiff must also show that each individual defendant was involved personally in the deprivation of constitutional rights because no respondeat superior liability exists under Section 1983. See Colon-Andino v. Toledo-Davila, 634 F.Supp.2d 220, 232 (D.P.R. 2009) (citing Pinto v. Nettleship, 737 F.2d 130, 132 (1st Cir.1984)).

"Although prisoners experience a reduction in many privileges and rights, a prisoner retains those constitutional rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." Sanchez v. Pereira-Castillo, 590 F.3d 31, 41 (1st Cir.2009) (citing Turner v. Safley, 482 U.S. 78, 95 (1987)) (internal quotation marks omitted). This Court has previously held that "inmates have no constitutional interest in participation in a rehabilitation program." Torres Garcia v. Puerto Rico, 402 F.Supp.2d 373, 383 (D.P.R.2005) (internal citations omitted). See also Morales Montanez v. Puerto Rico, No. 08-1945, 2009 WL 1617929 at *4 (D.P.R. May 29, 2009) ("While the Constitution of Puerto Rico establishes the obligation of the local government to further the moral and social rehabilitation of criminals, there is no federal constitutional right to rehabilitative training or treatment."); Carrasquillo-Oliveras v. Puerto Rico, No. 09-1706 (PG), 2010 WL 1485669 (D.P.R. April 09, 2010).

Caballero complains that he has been denied a proper rehabilitation in the penal institution wherein he is an inmate by being denied participation in the "Desvío" program. See Docket No. 4. The Defendants request, however, that Plaintiff's Section 1983 claim is without merit inasmuch as no constitutional right to rehabilitative treatment exists. We agree.

CIV. NO. 10-1180 (PG)                                                    Page 6

Because there can be no violation of Plaintiff's civil rights based upon a constitutional right to rehabilitation, Plaintiff's claims are hereby **DISMISSED WITH PREJUDICE.**

### IV. CONCLUSION

For the reasons stated above, Defendants' request for dismissal is hereby **GRANTED** (Docket No. 12), and therefore, plaintiff Caballero's claims against all defendants are hereby **DISMISSED WITH PREJUDICE.** Final judgment shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, July 16, 2010.


                                        S/ JUAN M. PEREZ-GIMENEZ
                                        JUAN M. PEREZ-GIMENEZ
                                        U.S. DISTRICT JUDGE